IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CASE NO. 3:18-CR-475-L (BK) |
| § | |
| ANDREW JONATHAN HILLMAN (01) § | |
| SEMYON NAROSOV (02), § | |
| DEFENDANTS § | |
| § | |
| v. § | |
| § | |
| AUBREE N. NAROSOV, § | |
| CLAIMANT. § | |

**FINDINGS, CONCLUSION AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The *Petition of Aubree N. Narosov Claiming Ownership of an Asset Subject to Forfeiture*, Doc. 70, has been referred to the undersigned United States magistrate judge for the submission of "proposed findings and recommendations for disposition of the petition." Doc. 72.

By her verified petition, Aubree Narosov requests the return of "$13,314.65 seized on or about July 17, 2018 from an account held at Frost Bank ending in #0412," averring that she is the "named account holder and owner of the seized funds." Doc. 70. Subsequent to Aubree Narosov's filing, however, she and the Government filed a joint *Stipulation of Settlement Regarding $13,314.65 Seized from Bank Account #XXXX0412*," Doc. 90. The Stipulation states that it is "in full settlement and satisfaction of all of Aubree's claims, including a petition for remission, to any property listed in the Preliminary Order of Forfeiture, including the subject

property." Doc. 90 at 2.  As such, all claims raised by Aubree Narosov's verified petition have been settled.

Accordingly, the *Petition of Aubree N. Narosov Claiming Ownership of an Asset Subject to Forfeiture*, Doc. 70, should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on April 8, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).