IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| V. | § | |
| | § | |
| ANDREW JONATHAN HILLMAN (01) | § | |
| SEMYON NAROSOV (02), | § | |
|     DEFENDANTS, | § | CASE NO. 3:18-CR-475-JJZ |
| | § | |
| AND | § | |
| | § | |
| BEVERLY LEVINE HILLMAN, | § | |
|     THIRD-PARTY PLAINTIFF. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the District Judge's *Order of Reference*, Doc. 67, before the Court is *Government's Motion and Brief to Dismiss Petition of Beverly Levine Hillman*, Doc. 64. For the reasons detailed here, the motion should be **GRANTED**.

I. BACKGROUND

On October 11, 2018, Defendant Andrew Hillman pled guilty to Count One of an information charging him with money laundering, Doc. 18, and was found guilty of that offense on November 1, 2018, Doc. 21. Subsequently, on November 30, 2018, the Court issued its *Amended Preliminary Order of Forfeiture* divesting Hillman of his interest in certain personal property, including several vehicles and specified sums of U.S. currency seized from 30 different bank accounts. Doc. 26.

Hillman's mother, Beverly Levine Hillman, then filed her verified *Notice of Claim* as to "One Hundred Thousand Dollars in United States currency," which she apparently contends was

seized partly from each of 26 bank accounts listed in the Court's *Amended Preliminary Order of Forfeiture*. Doc. 26 at 2-3; Doc. 57 at 2-3, 5. As support, she attaches a signed note purportedly from Andrew Hillman,[1] dated July 9, 2018 and titled "LOAN FROM BEVERLY HILLMAN TO SON, ANDREW HILLMAN," which states *in toto*:

> To whom it may concern:
>
> Due to personal and business activities, I, Andrew Hillman, need financial help with my house payment and my children's private school, payment due soon.
>
> I am asking for a loan that I will repay with 5% interest, that I am asking my mother for help with [sic] my financial problem at this time.

Doc. 57 at 6.

Beverly Hillman also filed her *Original Answer*, Doc. 58, to the *Government's Unopposed Amended Motion for Preliminary Forfeiture*, Doc. 25—after that motion had already been granted and the Court's *Amended Preliminary Order of Forfeiture*, Doc. 26, had issued. In her "Answer," she asserts a bare claim of "possessory interest" in the currency seized from the 30 bank accounts in which Andrew Hillman's interest was forfeited under the Court's *Amended Preliminary Order of Forfeiture*. Doc. 26 at 2-3; Doc. 58 at 1-2.

## II. APPLICABLE LAW

Following the entry of a preliminary order of forfeiture adjudicating a criminal defendant's interest in forfeitable property, third parties may file a petition asserting an interest in the property to be forfeited and contesting final forfeiture. FED. R. CRIM. P. 32.2(b)(2)&(c); 21 U.S.C. § 853(n). The petition must by sworn and state the nature and extent of the third-

---

[1] The Court notes that the purported signature of Andrew Hillman on the note attached to Beverly Hillman's pleading, Doc. 57 at 6, bears no resemblance to Hillman's signatures on the Plea Agreement, Doc. 3 at 10, and Factual Resume, Doc. 5 at 4, both of which he confirmed under oath he signed, Doc. 27 at 4, 24, 28.

2

party petitioner's right, title and interest in the property, as well as any additional facts supporting the third-party petitioner's claim for relief. FED. R. CRIM. P. 32.2(b)(2)&(c); 21 U.S.C. § 853(n).

To successfully challenge the forfeiture of specific property in an ancillary proceeding, a third party must establish by a preponderance of evidence that:

(A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or

(B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section.

21 U.S.C. § 853(n)(6).

However, the Court "may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason." FED. R. CRIM. P. 32.2(c). A motion to dismiss a third-party claim in an ancillary proceeding is akin to a Rule 12(b) motion in a civil case and is treated as such. *United States v. Stone*, 304 Fed. Appx. 334, 336, 2008 WL 5422837, at *1 (5th Cir. 2008) (citing *Pacheco v. Serendensky*, 393 F.3d 348, 352 (2d Cir. 2004)).

### III. ANALYSIS

The Court construes the combination of Beverly Hillman's *Notice of Claim*, Doc. 57, and *Original Answer*, Doc. 58, as a third-party petition filed pursuant to section 853(n)(6) and Rule 32.2(c). And, upon review, the Court finds that Beverly Hillman's third-party petition fails to state a legal claim.

As an initial matter, Beverly Hillman failed to file a response to the Government's motion to dismiss her petition. *See* N.D. TEX. L. CRIM. R. 47.1(e) ("[a] response and brief to an

opposed motion must be filed within 14 days from the date the motion is filed"); *see also* N.D. TEX. L. CIV. R. 7.1(3) ("[a] response and brief to an opposed motion must be filed within 21 days from the date the motion is filed"). As such, the Court presumes that Beverly Hillman does not contest the Government's motion to dismiss. Dismissal is warranted on that basis alone.

That notwithstanding, Beverly Hillman has wholly failed to assert or plead any facts which, if taken as true, would establish that she has a greater claim than the Government to any of the property listed in the *Amended Preliminary Order of Forfeiture*. At best, Beverly Hillman alleges that she has an unsecured interest in the sums forfeited by Andrew Hillman due to a July 2018 personal loan she made to him. Even assuming that is true, however, Beverly Hillman cannot prevail as a matter of law.

It is clear that the Government's interest in the seized currency arose before Beverly Hillman's, to-wit: when Andrew Hillman committed the underlying criminal offense. Andrew Hillman stipulated that "[f]rom in or around 2012 to in or around July 2018," he conspired to commit money laundering and that all of the seized currency Beverly Hillman is now attempting to claim was "proceeds of or were involved in" that criminal offense. Doc. 5 at 2-3. Based on the July 9, 2018 note Beverly Hillman attached to her *Notice of Claim*, Doc. 57 at 6, it is clear that her interest arose after the conclusion of Andrew Hillman's criminal activity. Doc. 57 at 6. *See* 21 U.S.C. § 853(c) ("All right, title, and interest in property described in subsection (a) vests in the United States upon the commission of the act giving rise to forfeiture under this section.").

Moreover, based on the assertion that her interest arises from a personal loan and the fact the property in question is currency, she cannot establish that she is a bona fide purchaser for value of the right, title, or interest in said property. 21 U.S.C. § 853(c). As the Government correctly notes, "unsecured creditors do not meet bona fide purchaser status, and without an

4

identifiable legal interest in the particular assets subject to forfeiture, they lack standing to pursue [a] claim in [an] ancillary proceeding." Doc. 64 at 15 (citing *United States v. Ribadeneira*, 105 F.3d 833, 836 (2d Cir. 1997); *United States v. Campos*, 859 F.2d 1233, 1238 (6th Cir. 1998); *United States v. BCCI Holdings (Luxembourg), S.A.*, 46 F.3d 1185, 1191-92 (D.C. Cir. 1995); *United States v. Watkins*, 320 F.3d 1279, 1281 (11th Cir. 2003); and *United States v. Madoff*, 09 CR 213(DC), 2012 WL 1142292, at *4 (S.D.N.Y. Apr. 3, 2012)).

Finally, because Beverly Hillman's claims fail as a matter of law, it is not necessary to grant her leave to amend her petition as it would be futile. The "futility standard" is "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Stripling v. Jordan Production Co.*, 234 F.3d 863, 873 (5th Cir. 2000). And under the facts Beverly Hillman posits, she simply cannot succeed. *United States v. Holy Land Found. for Relief & Dev.*, 722 F.3d 677, 685 (5th Cir. 2013) (holding that there was "no basis under 21 U.S.C. § 853(n) for [claimants] to establish their interest in the forfeited property" where "they neither had an interest in [the forfeited] assets at the time the crimes were committed nor were bona fide purchasers for value of [the forfeited] assets after the crimes were committed").

## IV. CONCLUSION

Based on the foregoing, the *Government's Motion and Brief to Dismiss Petition of Beverly Levine Hillman*, Doc. 64, should be **GRANTED**, and Third-Party Plaintiff Beverly Hillman's *Notice of Claim*, Doc. 57, construed along with her *Original Answer*, Doc. 58, as a

5

third-party petition filed pursuant to section 853(n)(6) and Rule 32.2(c), should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on June 15, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE
AND NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).